## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                                    Plaintiff,

                    v.

CASSAVA SCIENCES, INC.; REMI
BARBIER; and LINDSAY BURNS,

                                    Defendants.

Case No.  1:24-cv-1150-DAE

---

### FINAL JUDGMENT AS TO DEFENDANT REMI BARBIER

The Securities and Exchange Commission having filed a Complaint and

Defendant Remi Barbier having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented

to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction and except as otherwise provided herein in

paragraph IV); waived findings of fact and conclusions of law; and waived any right

to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating Section 17(a)(2) and 17(a)(3) of

the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2) and (3)] in the

offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to the Court's inherent authority to fashion appropriate equitable relief in this matter, Defendant is prohibited, for five years following the date of entry of this

Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $175,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Defendant shall satisfy this obligation by paying $175,000.00 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Remi Barbier as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not in any Related Investor Action, argue that he is entitled to, nor shall he further benefit by, offset or

reduction of such compensatory damages award by the amount of any part of
Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court
in any Related Investor Action grants such a Penalty Offset, Defendant shall,
within 30 days after entry of a final order granting the Penalty Offset, notify the
Commission's counsel in this action and pay the amount of the Penalty Offset to the
United States Treasury or to a Fair Fund, as the Commission directs. Such a
payment shall not be deemed an additional civil penalty and shall not be deemed to
change the amount of the civil penalty imposed in this Judgment. For purposes of
this paragraph, a "Related Investor Action" means a private damages action
brought against Defendant by or on behalf of one or more investors based on
substantially the same facts as alleged in the Complaint in this action.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for
purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code,
11 U.S.C. §523, the allegations in the complaint are true and admitted by
Defendant, and further, any debt for disgorgement, prejudgment interest, civil
penalty or other amounts due by Defendant under this Final Judgment or any other
judgment, order, consent order, decree or settlement agreement entered in
connection with this proceeding, is a debt for the violation by Defendant of the
federal securities laws or any regulation or order issued under such laws, as set
forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this

Final Judgment.


Dated: ____October 18_, 2024


_____
David Alan Ezra
Senior United States District Judge