IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br><br>Plaintiff, )<br><br>v. )<br><br>CASSAVA SCIENCES, INC.; REMI BARBER; AND LINDSAY BURNS, )<br><br>Defendants. | Case No. 1:24-CV-1150-DAE |

**PLAINTIFF'S MOTION FOR AN ORDER ESTABLISHING A FAIR FUND, APPOINTING A TAX ADMINISTRATOR, AND AUTHORIZING THE SEC TO APPROVE PAYMENT OF THE TAX OBLIGATIONS OF THE FAIR FUND AND THE RELATED FEES AND EXPENSES OF THE TAX ADMINISTRATOR WITHOUT FURTHER COURT ORDER**

Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") respectfully moves this Court for an Order (i) establishing a Fair Fund (the "Fair Fund"), pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Act of 2010 [15 U.S.C. § 7246(a)], (ii) appointing Miller Kaplan Arase LLP ("MKA"), a certified public accounting firm with an office in San Francisco, CA, as Tax Administrator to execute all income tax reporting requirements, and (iii) authorizing payment of future taxes and the fees and expenses of the Tax Administrator from the Fair Fund without further Court Order, with respect to funds under this Court's jurisdiction in this case. The SEC intends to apply to the Court for an Order approving a distribution of collected funds, and the establishment of a Fair Fund and appointment of the Tax Administrator are necessary to ensure that the funds are maintained and distributed in compliance with federal and state tax laws.

1

**Background**

1.       On September 26, 2024, the SEC filed a Complaint against Cassava Sciences, Inc. ("Cassava"), Remi Barbier, ("Barbier"), and Dr. Lindsay Burns ("Burns") (collectively, the "Defendants").  Dkt. 4 (the "Complaint").  In the Complaint, the SEC alleged that Cassava made misleading statements about the results of its Phase 2b clinical trials for Cassava's drug candidate PTI-125, a potential therapy for the treatment of Alzheimer's disease.  Defendant Barber, Cassava's founder and former Chairman and CEO, and Defendant Burns, Cassava's former Senior Vice President of Neuroscience, also allegedly had roles in the company's misleading disclosures.  On October 18, 2024, this Court entered Final Judgments against Defendants  Cassava, Barbier, and Burns, ordering them to pay $40,000,000, $175,000, and $85,000, respectively, for a total of $40,260,000 in civil penalties to the Commission.  Dkt. 5 – 7. The Final Judgments additionally ordered the Commission to hold all funds, together with interest and income earned thereon (collectively, the "Fund") pending further order of the Court. The Final Judgments established that the Commission may propose a plan to distribute the Fund subject to the Court's approval and that such a plan may provide for the Fund to be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

2.       The SEC holds $40,045,000.00 paid by the Defendants pursuant to the Final Judgments, plus accrued interest and earnings.  The money is being held in an SEC-designated account with the United States Treasury's Bureau of Fiscal Service and will be distributed to harmed investors pursuant to a distribution plan to be approved by this Court.  Funds collected or paid in the future, as well as interest accrued will be added to the Fair Fund.

**Establishment of a Fair Fund**

4.       The Commission now moves the Court to establish a Fair Fund for the

$40,045,000.00 paid by the Defendants to date, and any future funds collected from the Defendants, plus accrued interest and earnings, pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, which provides in relevant part:

> If, in any judicial or administrative action brought by the Commission under the securities laws, the Commission obtains a civil penalty against any person for a violation of such laws, or such person agrees, in settlement of any such action, to such civil penalty, the amount of such civil penalty shall, on the motion or at the direction of the Commission, be added to and become part of a disgorgement fund or other fund established for the benefit of the victims of such violation.

*See* 15 U.S.C. § 7246(a).

5.      The Commission brought this action under the securities laws, and the Defendants were ordered to pay civil penalties pursuant to the Final Judgments of this Court.  We request the Court establish a Fair Fund to facilitate ultimate distribution of the funds paid by the Defendants and any funds collected in the future to investors harmed by the Defendants' conduct.

6.      The creation of a Fair Fund is a precursor to creating a plan of distribution for Court approval and ultimately distributing funds to victims of the violations of the securities laws.  The SEC intends to develop a distribution plan (the "Plan"), which may involve applying to the Court for the appointment of a distribution agent to assist with the development and administration of such Plan, and to then seek Court approval of the Plan.

### Appointment of a Tax Administrator

7.      The Fair Fund is a Qualified Settlement Fund ("QSF") under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.  A Tax Administrator, on behalf of the Fair Fund, should be appointed and authorized to take all necessary steps to enable the Fair Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements

contemplated by those provisions. The Tax Administrator will cause the Fair Fund to pay taxes in a manner consistent with treatment of the Fair Fund as a QSF. The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Fair Fund in accordance with the agreement between the SEC and the Tax Administrator.

8.      The SEC recommends the appointment of MKA[1] as Tax Administrator for the QSF. MKA is experienced in the taxation of QSFs and has agreed to reasonable fees for its services. In summary, the current agreement with MKA will provide the following services for a fixed fee.:

a.      Obtain a federal tax identification number for the QSF.

b.      Prepare and file federal and state income tax returns, as required.

c.      Where required, calculate quarterly estimated tax payments, and provide information to the SEC so that payments may be made timely.

d.      Make arrangements with the SEC or its agents to pay the tax liability of the QSF.

e.      Calculate and recommend retention of a reserve for penalties and interest to be assessed as a result of any late filing of tax returns and/or late payment of taxes.

f.      Determine and comply with information reporting obligations of the Fund for payments to vendors, if applicable; and

g.      All administrative tasks necessary to the foregoing services.

| SERVICE | FIXED FEE |
|---|---|
| Income tax returns, including items a – g; | $2,500 |

---

[1] MKA is one of the firms that the SEC has engaged to render tax consulting services on its behalf for QSFs established in administrative proceedings for calendar years 2026 through 2030 at agreed upon rates. *See* Omnibus Order Directing the Engagement of Two Tax Administrators for Appointment on a Case-by-Case Basis in Administrative Proceedings that Establish Distribution Funds, Exchange Act Rel. No. 104544 (Jan. 5, 2026). As part of MKA's engagement with the SEC, MKA has agreed to render those same services at the agreed upon rates for calendar years 2026 through 2030, for any QSF it is appointed to serve as the tax administrator, including appointments made by a Court in civil actions brought by the SEC in federal district court.

Additional tax compliance services would be provided at the SEC's request and billed in accordance with MKA's agreement with the SEC.

9.      MKA has served as a tax administrator on numerous QSFs established by the Commission.  The Commission respectfully requests that the Court appoint MKA as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to the Fair Fund under this Court's jurisdiction.

<u>**Authorization to Pay Future Tax Obligations and Tax Administrator Fees and Expenses Without Further Court Order**</u>

10.      In an effort to meet tax payment deadlines, avoid the assessment of late payment penalties, and make timely payment to the Tax Administrator for services provided, the SEC further requests that SEC staff be authorized to approve and arrange for the payment of all tax obligations of the QSF and reasonable related fees and expenses of the Tax Administrator from the Fair Fund without further Court order.  The SEC staff follows a rigorous process of reviewing and approving invoices before payment is made.  The SEC's Office of Distributions requires and reviews, in a multi-step process, detailed invoices from the Tax Administrator that describe the work performed, the billing rate, and the time expended on each task.  If the Court authorizes the SEC staff to approve and arrange for the payment of taxes and related fees and expenses of the Tax Administrator without further Court order, the SEC staff will use its expertise in distributions and knowledge of this specific distribution to review all proposed charges.  The SEC staff will approve and arrange for payment only of appropriate and properly documented taxes and related fees and expenses of the Tax Administrator.  Authorizing such approval and arrangement of payment ensures timely and efficient payment of taxes reducing the risk of late tax payments and penalties and ensures timely payment of the related fees and expenses of the Tax Administrator.

All tax payments and tax administration fees and expenses will be reported to this Court in

the final accounting of the Fair Fund once all Court authorized distributions have been completed.

**WHEREFORE**, for all the foregoing reasons, the SEC respectfully requests that this

Court enter the associated proposed Order and grant such other relief as the Court deems just and

proper.

Respectfully submitted,


/s/  *Michael K. Catoe*

Michael K. Catoe
Attorney for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC  20549
Telephone: (202) 551-4464
Email:  catoem@sec.gov


Dated:  April 3, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I, Michael K. Catoe, hereby certify that, on April 3, 2026, I caused the foregoing document to be electronically filed with the clerk of the court for the U.S. District Court for the Western District of Texas, using the Court's electronic case filing system.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Michael K. Catoe*
Michael K. Catoe